IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY R. JULES,

     Plaintiff,

vs.

A. CROLEY #354, ALEKSANDR VUSIK aka ALEX, et al., GALINA VUSIK, TRINITY LIFE CHURCH,

     Defendants.
                           /

No. CIV S-07-2797 LEW EFB PS

ORDER

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. *See* 28 U.S.C. §§ 1914(a), 1915(a).

     Plaintiff fails to inform the court of the date of his last employment and the amount of his take-home salary (Question no. 2), or whether or not he has received money from alternative sources in the past twelve months (Question no. 3). Plaintiff's incomplete application fails fully to inform the court whether he is unable to prepay fees and costs or give security for them, and therefore fails to meets the requirements of 28 U.S.C. § 1915(a). Plaintiff will be provided the opportunity to submit either a completed affidavit in support of his request to proceed *in forma*

1

*pauperis* or the appropriate filing fee.

Even had plaintiff completed this court's form application to proceed *in forma pauperis* and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the lodged complaint.

Determining plaintiff may proceed *in forma pauperis* ("IFP") does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The complaint lodged by plaintiff focuses on his arrest on or around August 23, 2007, by Sacramento County Sheriff's deputies following a dispute with his neighbors, Aleksandr and Galina Vusik. Plaintiff generally alleges that the Vusiks made false statements to the deputies, which resulted in plaintiff's arrest.

Plaintiff improperly seeks to sue the Vusiks pursuant 42 U.S.C. § 1983. In order to state a claim under this section, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff does not allege that the Vusiks are anyone but private persons (i.e., his neighbors with whom he has an ongoing quarrel), and thus fails to state a claim against them under § 1983.

Similarly, plaintiff seeks to sue another private entity, Trinity Life Church, under § 1983. Plaintiff alleges that this defendant unlawfully allowed the Sacramento Sheriff's Department to use its parking lot to load detainees, including himself, into a van for transport to the jail. Again, plaintiff fails to allege that Trinity Life Church was a state actor or that it was otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted). Section "1983

excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (citation and internal quotation marks omitted). Furthermore, plaintiff fails to identify the constitutional rights Trinity Life Church allegedly violated, or explain how its actions, or inaction, resulted in such deprivations.

For the foregoing reasons, plaintiff fails to state a claim under § 1983 against defendants Aleksandr Vusik, Galina Vusik, and Trinity Life Church. Similarly, plaintiff fails to state federal causes of action against these defendants under 42 U.S.C. § 1985.

Section 1985 proscribes conspiracies to interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1985, a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

Here, plaintiff alleges that the Vusik defendants called him racially derogatory names for "the sole purpose of discrimination, a violation of equal protection and due process." Compl., 8:8-10. These conclusory allegations fail to explain how the Vusiks' alleged name-calling constituted a conspiracy to deprive plaintiff of the equal protection of the laws. He identifies no right to be free from being called names, nor does he allege an actionable injury resulting from such name-calling.

His allegations that these defendants conspired with Sacramento Sheriff's deputies to have him unlawfully arrested are more serious. However, plaintiff alleges that the Vusik defendants were motivated to call the police to cover-up and thwart plaintiff's then impending legal action against them. *See* Compl., 8:23–9:6. Section 1985 protects only against

discrimination founded upon invidious, class-based animus, and a complaint must allege facts to show that intentional or invidious discrimination was the object of the conspiracy. *See Griffin v. Breckenridge*, 403 U.S. at 102-03. Accordingly, to the extent plaintiff alleges the conspiracy was motivated simply to "thwart" plaintiff's then impending legal action against the Vusik defendants, he fails to state a claim under § 1985.

Given the vague and conclusory allegations against the other named defendant, Sheriff's Deputy "A Croley # 345," the court is unable to determine whether plaintiff has stated a claim, even though this is the only named defendant appropriately sued under § 1983. Plaintiff appears to allege that Defendant Croley arrested him without advising him of his Miranda rights, that the arrest was wrongful because it was based on false and unverified statements by the Vusik family, that his bail was set excessively high, and that plaintiff's subsequent detention violated his constitutional rights. In particular, he alleges that the van used to transport him to jail was dirty, overcrowded and hot, and that he was placed in a cell with gang members whose behavior frightened him. *See, e.g.,* Compl., 5:2-15; 6:17-28; 8:2-6.

However, to the extent plaintiff means to challenge the lawfulness of any conviction arising from the arrest alleged herein, he is advised that such relief cannot be obtained until such conviction has been invalidated, expunged or reversed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "*Heck* says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)). Further, if state court criminal proceedings are still pending against plaintiff, the court must abstain from deciding plaintiff's claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam) (finding abstention proper in federal civil rights action seeking declaratory and monetary relief for conduct in ongoing state criminal proceeding).

////

Given the defects in plaintiff's IFP application and in the lodged complaint as discussed above, the court will grant plaintiff leave to file a completed IFP application, and to file an amended complaint consistent with this order.

Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. Plaintiff is further informed that, should he file an amended complaint, the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is denied without prejudice;

2. Plaintiff's complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file a completed IFP application or otherwise pay the filing fee. Also within thirty days, plaintiff shall file an amended complaint consistent with this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: April 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE